# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:09-CR-141-JVB-PRC |
| | ) | |
| SCOTT R. BECKER, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on the issues raised at the reopened Detention Hearing held October 7 and 15, 2009.

## PROCEDURAL BACKGROUND

On July 24, 2009, the United States Government filed in this case a Criminal Complaint alleging that Defendant Scott R. Becker committed the federal criminal offense of Sexual Exploitation Of A Minor in violation of Title 18 U.S.C. § 2251(a). An Arrest Warrant was issued on that date.

On July 28, 2009, Defendant Becker was arrested. On that date, the Court held an Initial Appearance. During the Initial Appearance, the U.S. Government orally moved that the Court order Defendant Becker to be detained in the custody of the U.S. Marshal.

After a continuance (on motion of Defendant Becker) of the original Detention Hearing setting, a detention hearing was held August 4, 2009. It was a contested hearing. On August 4, 2009, the Court issued a written Order Of Detention, ordering detention of Defendant Becker in the custody of the U.S. Marshal for confinement in a corrections facility.

On August 6, 2009, the U.S. Government filed an Indictment, charging Defendant Becker with the federal criminal offense of Sexual Exploitation Of A Minor in violation of Title 18 U.S.C.

1

§ 2251(a).

On August 13, 2009, Defendant Becker, by counsel, filed a Motion For Review Of Detention Order [DE 25], requesting both a review of the August 4, 2009 Order Of Detention and a hearing to present "additional evidence on the issue of detention." On August 13, 2009, District Court Judge Joseph Van Bokkelen denied the Motion and referred the detention issue back to the undersigned Magistrate Judge "for consideration of the additional evidence."

A reopened Detention Hearing was begun October 7, 2009, and concluded October 15, 2009. The Court received additional evidence on the issue of detention. The parties were given until October 21, 2009, to file written arguments.

On October 21, 2009, both the U.S. Government and Defendant Becker filed their written arguments.

## APPLICABLE LAW

The Bail Reform Act of 1984 provides that a Court shall order the pre-trial release of a defendant on personal recognizance or upon the execution of an unsecured appearance bond unless the Court determines, among other things, that such release will not reasonably assure the defendant's appearance or will endanger the safety of any other person or the community. Title 18 U.S.C. § 3142(b).

## ORIGINAL ORDER OF DETENTION

The original August 4, 2009 Order Of Detention includes two separate, independent bases for detention of Defendant Becker, either of which alone stands sufficient for the detention order:

(A) A finding that there is probable cause to believe the Defendant Becker has committed an offense for which a maximum term of imprisonment is ten (10) years or more as prescribed in the Sexual Exploitation Of Children act (Title 18 U.S.C. § 2251) and the Defendant Becker has not rebutted the presumption that no condition or combination of conditions will reasonably assure the safety of the community; and

2

(B) A finding that there is probable cause to believe the Defendant Becker has committed the charged offense and a finding by clear and convincing evidence that his release presents a danger to the community because:
  (1) Of the nature and circumstances of the offense charged–the Defendant produced a video of him engaging in sexual acts with a minor, 32 minutes in length, filmed at two different locations likely to be in Lafayette, Indiana and the Durango, Colorado area;
  (2) The weight of the evidence against the Defendant–the video depicts the Defendant engaging in the sexual acts and the Defendant admitted to law enforcement officers that he produced the video;
  (3) The Defendant's wife testified in Court on 08/04/2009 that she thought the Defendant appeared to be "distraught" shortly after his recent arrest;
  (4) The Defendant recently stole large amounts of employer-owned property from his former employer–he was recently (on 06/23/2009) involuntarily terminated from his long-term well-paying employment for this reason (presently he is under investigation of this by both his former employer and by law enforcement personnel);
  (5) The Defendant has been convicted of a crime in the past, albeit a relatively minor matter which occurred approximately 18 years ago.

August 4, 2009 Order of Detention, docket entry 15.

## ADDITIONAL EVIDENCE AT REOPENED HEARING

At the October 7 and 15, 2009 reopened Detention Hearing, the additional evidence presented by Defendant Becker was expert opinion testimony of Clinical Psychologist Dr. Gary M. Durak. Following a recent forensic evaluation of Defendant Becker, Dr. Durak opined in Court that Defendant Becker would not reasonably pose a threat to either a specific person or the community at large if he were released from custody subject to court-ordered conditions of release including electronic monitoring, lack of access to computers and photography and video equipment, lack of access to the internet, participation in both individual and family counseling, not reside in the marital home with his wife, be subject to unannounced visits by the Pre-Trial Services Office, have no contact with the victim, have no supervised or unsupervised contact with his own children other than in group therapy sessions, and standard conditions of release.

At the reopened October 7 and 15, 2009 Detention Hearing, the U.S. Government presented

additional evidence (by proffer) that Defendant Becker has described himself in e-mail communications as an "amateur porn star" and in these communications he tells of plans to begin an internet website called Hot College Chicks At Scott's Pad. He states "[M]y plan is to let hot college chicks stay at the house for free so long as they stay naked, and have sex with someone or something once a day. Oh yeah, there will be around 20 webcams in the house and I am the maintenance man."

Also in the reopened Detention Hearing, the U.S. Government played an audio recording of a telephone call between Defendant Becker, while in jail, and his wife in which Defendant Becker not only verbally disparages his own attorneys but accuses Dr. Durak (upon whose opinion he largely relies, at this point in time, for his hoped-for release) of lying to him. In the recording he also instructs his wife to do whatever she needs to do to get him out of jail.

**ANALYSIS**

The psychologist Dr. Gary M. Durak had no prior history or acquaintance with Defendant Becker prior to Becker's arrest. He saw and interviewed Defendant Becker only once (September 18, 2009) for approximately three hours.

Dr. Durak conducted psychological testing of Defendant Becker. However, the test materials were dropped off for Becker at the jail where he is being detained and Becker had three days (instead of a matter of a few hours) to fill out the test questionnaires on his own without any monitoring. Dr. Durak did not corroborate the test results with any psychophysical assessments or other reliable corroborative evidence.

The Court finds Dr. Duraks' opinion in this particular case to not be sufficiently reliable because it is based too much on subjective opinion, the Court feels that Dr. Durak lacks a sufficiently complete understanding of Defendant Becker to render his opinion, and the opinion's

underlying test results and statistical analysis results are not sufficiently corroborated**.**

Even if Dr. Durak's opinion were sufficiently reliable, it is, nevertheless, not sufficiently persuasive to the Court.

**CONCLUSION**

After considering the evidence and arguments presented at the October 7 and 15, 2009 reopened Detention Hearing in addition to the evidence and arguments presented at the original August 4, 2009 Detention Hearing, the Court at this time finds there remains probable cause to believe that Defendant Becker has committed an offense for which a maximum term of imprisonment of ten (10) years or more is prescribed by the Sexual Exploitation Of Children act (Title 18 U.S.C., § 2251) and finds that the statutory presumption that Defendant Becker should be detained has not been sufficiently rebutted and the Court finds that release of Defendant Becker from custody presents a danger to the community.

Alternatively, the Court at this time finds by clear and convincing evidence that release of Defendant Becker presents a danger to the community because:

(1) Of the nature and circumstances of the offense charged – the Defendant produced a video of him engaging in sexual acts with a minor, 32 minutes in length, filmed at two different locations likely to be in Lafayette, Indiana and the Durango, Colorado area;

(2) The weight of the evidence against the Defendant–the video depicts the Defendant engaging in the sexual acts and the Defendant admitted to law enforcement officers that he produced the video;

(3) The Defendant's wife testified in Court on 08/04/2009 that she thought the Defendant appeared to be "distraught" shortly after his recent arrest;

(4) The Defendant recently stole large amounts of employer-owned property from his former employer–he was recently (on 06/23/2009) involuntarily terminated from his long-term well-paying employment for this reason (presently he is under investigation of this by both his former employer and by law enforcement personnel);

(5) The Defendant has been convicted of a crime in the past, albeit a relatively minor matter which occurred approximately 18 years ago.

The findings in the two paragraphs immediately above are two separate, independent bases for detention of Defendant Becker either of which alone stands sufficient for the detention order.

**ORDER**

Accordingly, the oral motion made by Defendant Scott R. Becker, by counsel, in open Court on October 7 and 15, 2009 that the Court order Defendant Becker to be released from detention and custody subject to conditions of release is hereby **DENIED**. The Court **ORDERS** that Defendant Scott R. Becker shall remain in detention in the custody of the U.S. Marshal.

SO ORDERED this 26th day of October, 2009.

                                                      s/ Paul R. Cherry
                                                      MAGISTRATE JUDGE PAUL R. CHERRY
                                                      UNITED STATES DISTRICT COURT

cc:    All counsel of record
       U.S. Pre-Trial Services Office