## United States District Court
## Northern District of Indiana
## Hammond Division

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | Case No. 2:09-cr-141 JVB |
| | ) | |
| SCOTT R. BECKER | ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendant's motion for review of the detention order entered by Magistrate Judge Paul R. Cherry on October 26, 2009 (DE 46).

**A. Background**

On July 28, 2009, Defendant Scott Becker was arrested on the charge of sexual exploitation of a minor, in violation of 18 U.S.C. § 2251(a), an offense that carries with it a statutory minimum prison term of fifteen years. He was detained temporarily and a probable cause and detention hearing was set for July 30, 2009, and continued to August 4, 2009. At the hearing on August 4, before Magistrate Judge Paul R. Cherry, Defendant informed Judge Cherry that he did not contest probable cause. Following a contested hearing on the detention issue, Judge Cherry entered an order of detention. He did not find the Defendant to be a flight risk, but did find that there is no condition or combination of conditions that would reasonably assure the safety of the community if he were not detained.

On August 13, 2009, Defendant asked this Court to review Judge Cherry's order and to hold a hearing to receive additional evidence. The Court denied the motion as premature and referred the matter to Judge Cherry for consideration of the additional evidence. Judge Cherry

heard evidence and arguments on October 7 and October 15, 2009, and received written arguments from both the Government and the Defendant on October 21, 2009. On October 26, 2009, he again entered an order of detention.

On October 28, 2009, Defendant filed a motion for review of the detention order and this Court ordered the Defendant to file a memorandum in support of his motion by November 15, 2009. However, because of difficulties in securing a transcript of the previous hearings, no memoranda have been filed. Instead, the Court heard oral argument on February 1, 2009. The Court has also reviewed the transcripts of the detention hearings and the exhibits admitted at those hearings as well as the contents of the complaint and affidavit and the pretrial services report, which Judge Cherry also considered.

**B. Applicable Law**

Under 18 U.S.C. § 3142(b), a judge must order the pre-trial release of a defendant on his own recognizance or on the execution of an unsecured appearance bond unless it determines that release on those terms will not reasonably assure the appearance of the defendant or will endanger the safety of any other person or the community. Pursuant to 18 U.S.C. § 3142(e)(1), if, after a hearing, the judge finds that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of any other person and the community, the judge must order detention. Title 18 U.S.C. § 3142(e)(3)(E) provides a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of the community if the judge finds that there is probable cause to believe that the person committed an offense involving a minor victim under a number of federal

2

statutes, including 18 U.S.C. § 2251.  Under 18 U.S.C. § 3142(f), a finding that no conditions will reasonably assure the safety of any other person and the community must be supported by clear and convincing evidence.

Title 18 U.S.C. § 3142(g) lists the information the judge must consider in determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of any other person: the nature and circumstances of the offense, including whether the offense involves a minor victim; the weight of the evidence against the defendant; the history and characteristics of the defendant, including his physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and whether at the time of the current arrest the defendant was on probation, on parole, or on other release for another offense.

When a defendant challenges a detention order entered by a magistrate judge, the district judge conducts a de novo review of the record to determine whether the Government has met its burden.  *United State v. Shaker*, 665 F. Supp. 698, 701 (N. D. Ind. 1987) (citations omitted); *see also United States v. Portes*, 786 F. 2d 758, 761 (7th Cir. 1985).

**C.  Summary of the Evidence**

According to the pretrial services report, the Defendant's only criminal history is for possession of marijuana and paraphernalia in 1991, when he was 25. He pleaded guilty and received a five-year deferred sentence. On July 28, 2009, a Howard County, Indiana, court, in a CHINS proceeding, ordered the Defendant not to return to his family's home.

At the hearing on August 4, 2009, the Government pointed out that the charge against the

Defendant arose from a thirty-two minute video compilation featuring a minor in two different locations (a tanning room in his home in Lafayette, Indiana, and what appears to be a bathroom in another location). The video shows the Defendant touching the minor on her breasts and other areas of her unclothed body as well as slow motion images in which the minor's vaginal area is exposed. The tape was found on the Defendant's laptop, and he admitted to installing the hidden cameras that recorded the images in his home in Lafayette. The Government noted that the Defendant had recently purchased a shotgun, the location of which is unknown, and that he has a home in Colorado as well as in Lafayette. The Government considered him a flight risk and a danger to the community and the victim.

The Defendant's wife, Christina Becker, testified at the August 4 hearing about the Defendant's background and family. He is a University of Minnesota graduate who worked for Stelko Electric Company from 1994 until he was terminated in June 2009. He has been job hunting. She and the Defendant have two children, ages twelve and fifteen, and she has two children by a previous marriage, ages seventeen and nineteen. The family has lived in the same home in Lafayette, Indiana, since 1994. The house is currently for sale. If he were to be released on electronic monitoring, he could live with Steve Becker, an unrelated single friend who resides in Mulberry, Indiana. Mrs. Becker would make sure that he had no contact with the alleged victim. She believes the shotgun is in the Colorado home. She also testified that at some point after the Defendant talked to law enforcement officials about the tapes, Mrs. Becker contacted the Indiana State Police with the information that he had a gun and that she was concerned for his safety because he had seemed very distraught. The Defendant is also being investigated for the theft of supplies from his former employer.

The Defendant called Dr. Gary Durak, a licenced clinical psychologist, to testify at the

hearing on October 7, 2009, and his written report was entered into evidence. After interviewing the Defendant and his wife and having him take a number of psychological tests, Dr. Durak initially opined that the Defendant presents a low risk of danger to the community if released on bond. However, after viewing the video tape, he listed a number of conditions which, in his opinion, should be imposed on the Defendant if he is released pending trial: the Defendant should live separately from his family under house arrest with an ankle bracelet, have no access to the alleged victim or to any computer or photography equipment, and should undergo counseling together with his wife and children. He should be permitted no contact with his children outside of therapy.

In his written report Dr. Durak discloses that Defendant told him that he had last used marijuana in March 2009, and that his pattern for the last eleven years has been to use marijuana on average once every three months.

## C. Discussion

As Judge Cherry points out in his opinion of October 26, 2009, Dr. Durak based his opinion that the Defendant poses no danger to the community on a three-hour interview. He allowed the Defendant a period of three days in which to complete the psychological tests at the jail, without any monitoring. Dr. Durak did not corroborate the test results with any psychophysical assessments or other objective evidence. The Court is not persuaded by Dr. Durak's opinion that the Defendant is not a danger to the community because his opinion is based largely on interviews with the Defendant and his wife and unmonitored testing. Moreover, the Court is not convinced that the conditions of release that Dr. Durak considers necessary to protect the community can be achieved outside a jail setting.

**D. Conclusion**

After considering the evidence and arguments presented at the August 4, October 7, and October 15, 2009, hearings, as well as contents of the complaint and affidavit in support of the complaint, the pretrial services report, and the arguments presented on February 1, 2010, and the cases the Defendant submitted as supplemental exhibits, the Court finds:

1. Thereis probable cause to believe the Defendant has committed an offense under 18 U.S.C. § 2251, giving rise to a statutory presumption that the Defendant should be detained. The Court notes that Defendant did not contest probable cause.
2. The statutory presumption has not been sufficiently rebutted.
3. There is clear and convincing evidence that no conditions short of detention that will reasonably assure the safety of the community. In reaching this conclusion the Court has taken into account the following:
    a. the serious nature of the offense, the sexual exploitation of a minor;
    b. the strong evidence against the Defendant consisting of video images of a minor portraying sexually explicit conduct found on his computer, taken by equipment he had installed;
    c. his apparent disrespect for the law as evidenced by his continued use of marijuana as recently as March 2009 after a conviction for marijuana possession eighteen years ago;
    d. the fact that he was recently terminated from his long-term employer and that he is under investigation for alleged theft from that employer;
    e. the fact that Defendant's own expert would impose conditions of release on him that are impossible to guaranty without constant supervision,

which would only be possible in a jail setting.

Accordingly, the Court AFFIRMS Magistrate Judge Cherry's decision to deny the Defendant's release from detention. The Defendant shall remain in detention in the custody of the U.S. Marshal.

The Defendant's motion for an extension of time to file its brief in support of his motion for review of the detention order (DE 61) is DENIED as moot.

SO ORDERED on February 12, 2010.

s/ Joseph S. Van Bokkelen  
Joseph S. Van Bokkelen  
United States District Judge